**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Nancy Cavin, | No. CV-24-01604-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| American Healthcare Solutions LLC, et al., | |
| Defendants. | |

Pending is Plaintiff Nancy Cavin's Motion for Attorneys' Fees and Costs, (Doc. 17).  For the reasons stated below, the motion will be **granted in part** and **denied in part**.

## I.    BACKGROUND

On June 29, 2024, Cavin filed suit against Defendants American Healthcare Solutions LLC, Alexander Caudill, and Kasey Caudill (collectively, "Defendants"), alleging that Defendants failed to pay her any wages for the hours she worked during the final workweek of her employment, in violation of the Fair Labor Standards Act ("FLSA") and the Arizona Minimum Wage Act ("AMWA").  (Doc. 1 at 6–10.)

Although Defendants were properly served, they failed to answer or otherwise respond, and the Clerk entered their default on October 7, 2024.  (Doc. 17 at 2.)  On September 19, 2025, the Court granted Cavin's Motion for Default Judgment and entered judgment in her favor.  (Doc. 16.)  Cavin now seeks $9,523.00 in attorneys' fees for 21.4 hours of work, $833.77 in costs, and an additional $4,237.94 in anticipated fees and costs

of collection.[1]  (Doc. 17 at 6.)

## II.    LEGAL STANDARD

A party seeking an award of attorneys' fees must establish that it is eligible for and entitled to an award, and that the amount sought is reasonable.  LRCiv 54.2(c).  Both the FLSA and AMWA authorize the award of fees and costs in addition to any judgment.  29 U.S.C. § 216(b); Ariz. Rev. Stat. § 23-364(G).  A plaintiff is entitled to fees only if she is a prevailing party.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." (quotation marks omitted)).  A plaintiff who obtains a default judgment in her favor is a prevailing party entitled to reasonable fees and costs.  *Avila v. JBL Cleaning LLC,* 2025 WL 755421, at *1 (D. Ariz. Mar. 10, 2025).  Further, a "party that is entitled to an award of attorney fees is entitled to compensation for time expended on an application for attorney's fees."  *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019) (quotation marks omitted).

To determine the reasonableness of a statutory fee award, courts apply the lodestar method.  *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).  Under that method, district courts must first calculate the lodestar figure by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation.  *Id.*; *Hensley*, 461 U.S. at 433.  A reasonable hourly rate is the "prevailing market rate in the relevant community."  *Kelly*, 822 F.3d at 1099 (cleaned up).

As for the hours reasonably expended, the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest."  *Gary*, 398 F. Supp. 3d at 486 (cleaned up).  At the same time, courts must exclude hours that are "excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.

---

[1]    Cavin's motion contains inconsistencies regarding the amount of costs sought.  (*Compare* Doc. 17 at 13 ($707.61 in costs and $3,648.78 in collection costs) *with id.* at 14 ($7,878 in collection costs)).  These numbers appear to be holdovers from another case and are disregarded.

Attorneys' fees should not be awarded for purely clerical or administrative tasks that could and should be performed by support staff. *Gary*, 398 F. Supp. 3d at 487; *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (explaining that purely clerical tasks, such as filing and document organization, should be "subsumed in firm overhead").

Once the lodestar is determined, courts may then adjust the lodestar upward or downward based on the factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), to the extent those factors are not already subsumed within the lodestar calculation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013); *see also* LRCiv 54.2(c)(3). "There is a strong assumption that the lodestar method represents the reasonable fee and an adjustment based on the *Kerr* factors is generally appropriate only in rare or exceptional cases." *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, 2023 WL 3981139, at *7 (D. Ariz. June 13, 2023) (cleaned up).

## III.    DISCUSSION

### A.    Attorneys' Fees

As the prevailing party, Cavin is entitled to a reasonable award of fees and costs under the FLSA and the AMWA. *See* 29 U.S.C. § 216(b); Ariz. Rev. Stat. § 23-364(G). I find that the fees sought are, with the limited exceptions below, reasonable. Cavin's counsel, Clifford P. Bendau, II, requests an hourly rate of $445.00. (Doc. 17 at 4.) Courts in this District have regularly found a $445.00 hourly rate reasonable for Mr. Bendau in comparable FLSA matters. *See, e.g.*, *Avila*, 2025 WL 755421, at *3; *Ubinger v. Urb. Housekeeping LLC*, 2024 WL 3045303, at *2 (D. Ariz. June 18, 2024). This is sufficient to establish $445.00 as a reasonable rate. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (rate determinations in other cases are satisfactory evidence of the prevailing market rate).

Cavin submits a task-based itemization reflecting 21.4 hours of attorney time expended by Mr. Bendau over the course of the litigation including investigating and developing Cavin's claims, drafting and filing the complaint, obtaining and effecting alternative service, securing entry of default and default judgment, and preparing this

motion. (Doc. 17-4 at 2–4.) Several entries in counsel's itemization reflect work of a purely clerical or administrative nature, including: "send representation agreement" (0.1 hours); "receive signed agreement, create file" (0.1 hours); "receive signed complaint" (0.1 hours); and "file service executed" (0.1 hours). (*Id.* at 2, 3.) These 0.4 hours will be subtracted as clerical or administrative in nature. *See Avila*, 2025 WL 755421, at *2 (subtracting 0.4 hours for materially identical clerical entries).

Having reviewed the remainder of the itemization and considered the time and labor reasonably required for each task, I find that the remaining 21.0 hours were reasonably expended. Multiplying the reasonable rate of $445.00 by 21.0 hours yields a lodestar figure of $9,345.00. The lodestar calculation already subsumes several of the *Kerr* factors, including the time and labor required, the skill required to perform the legal services properly, the customary fee, and the experience, reputation, and ability of counsel. *Gonzalez*, 729 F.3d at 1209 n.11. The remaining *Kerr* factors—the novelty and difficulty of the questions at issue; preclusion of other employment; time limitations on the representation; the amount involved and results obtained; the undesirability of the case; nature and length of the professional relationship; and awards in similar cases—are either neutral or support the lodestar figure without adjustment.

**B.    Costs**

As for Cavin's requested costs, recovery of costs is authorized by the FLSA and AMWA. *See* 29 U.S.C. § 216(b); Ariz. Rev. Stat. § 23-364(G). Cavin seeks $833.77 in costs, consisting of the $405.00 filing fee and $428.77 in service-of-process costs. (Doc. 17-4 at 4.) These costs are reasonable and recoverable and Cavin will be awarded them in full.

**C.    Anticipated Fees & Costs**

Cavin also requests an additional $4,237.94 in fees and costs that her counsel anticipates incurring in collecting on the judgment. (Doc. 17 at 16.) In support, Cavin explains that her counsel has engaged an outside firm, the Parker Law Firm P.L.C., to pursue collection; that the firm charges a twenty-five percent contingency fee on amounts

recovered plus an $850.00 costs retainer; and that, assuming full recovery of the anticipated $13,551.77 in combined judgments, counsel may incur $4,237.94 in collection fees and costs. (*Id.*)

Courts within this district are split on whether an award of collection costs is appropriate in this context. *Compare Alvares v. Talaveras Renovations LLC*, 2024 WL 1195462, at *1–2 (D. Ariz. Mar. 20, 2024) (awarding anticipated collections costs where counsel supported the request with a services agreement), *with Ubinger*, 2024 WL 3045303, at *4–5 (denying such costs as speculative). I am persuaded by the latter line of cases, which hold that anticipated collection costs are too speculative to be considered reasonable. Accordingly, I will deny this portion of the motion without prejudice to Cavin's ability to seek collection costs and any additional attorneys' fees if ever incurred. *See Ubinger*, 2024 WL 3045303, at *5; *Stamper v. Freebird Log. Inc.*, 2022 WL 4448457, at *4 (D. Ariz. Sept. 23, 2022).

**IV.    CONCLUSION**

I find that Cavin is entitled to a reasonable award of attorneys' fees of $9,345.00 and costs in the amount of $833.77.

Accordingly,

**IT IS ORDERED** granting in part Cavin's Motion for Award of Attorneys' Fees and Costs (Doc. 17) as follows: Cavin is awarded $9,345.00 in attorneys' fees and $833.77 in costs, for a total of $10,178.77, against Defendants American Healthcare Solutions LLC, Alexander Caudill, and Kasey Caudill, jointly and severally.

**IT IS FURTHER ORDERED** denying Cavin's request for $4,237.94 in anticipated collection fees and costs without prejudice.

///

///

///

///

///

**IT IS FURTHER ORDERED** that post-judgment interest shall accrue on the total award of $10,178.77 at the statutory rate set by 28 U.S.C. § 1961 from the date of this Order until paid.

Dated this 7th day of July, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

cc: Finance